IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :        CRIMINAL ACTION

           v.          :

PEDRITO SANTIAGO MORETA     :        NO. 06-96-01

MEMORANDUM

Bartle, J.                                   May 12, 2026

Before the Court is the pro se motion of defendant Pedrito Santiago Moreta to vacate his sentence pursuant to 28 U.S.C. § 2255.

On July 26, 2007, after a three day trial, defendant was convicted of: (1) one count of conspiracy to commit Hobbs Act robbery (18 U.S.C. § 1951(a)); (2) two counts of Hobbs Act robbery and aiding and abetting (18 U.S.C. §§ 1951(a), 2); and (3) two counts of using and carrying, and aiding and abetting the use and carrying of, a firearm during a crime of violence (18 U.S.C. § 924(c)).  He was sentenced to 421 months in prison. The total sentence included consecutive mandatory minimum sentences of 84 months and 300 months on the two § 924(c) counts as well as a consecutive sentence of 37 months on other counts. His sentence was affirmed by the Third Circuit Court of Appeals. United States v. Moreta, 310 F. App'x 534, 536 (3d Cir. 2009).

On January 3, 2024, this court granted Moreta's successive § 2255 motion based on United States v. Taylor, 569 U.S. 845 (2022).  It vacated one of defendant's conviction under

§ 924(c) because it was not deemed a crime of violence under the so-called categorical approach.  He was resentenced to 288 months of imprisonment.  The Court of Appeals affirmed.  United States v. Moreta, 2025 WL 342191, at *1 (3d Cir. Jan. 30, 2025).

His current pro se § 2255 motion followed.  He argues that his counsel was ineffective for failing: (1) to present substantial evidence of mitigation at his resentencing; (2) to adequately rebut the government's argument at the resentencing and on appeal; and (3) to argue his mental health history.

The test for ineffective assistance of counsel was established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  Under Strickland, defendant must first demonstrate that counsel's conduct was so deficient that it "fell below an objective standard of reasonableness."  Id. at 687-88.  The acts or omissions must be "outside the wide range of professionally competent assistance."  Id. at 690.  In this regard, the court is highly deferential in considering whether counsel conformed with professional norms.  Id. at 689.  If defendant satisfies the first prong of Strickland, he must then demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.

2

Defendant focuses on the alleged deficiencies of his counsel at his resentencing on March 20, 2024.  The court has reviewed the transcript of the hearing as well as the Sentencing Memoranda submitted by his counsel and by the Government and the probation officer's Presentence Report both for his original sentencing and for his resentencing.

At the resentencing hearing, defendant's counsel emphasized effectively that defendant had been rehabilitated while in prison.  This was by far defendant's strongest argument in light of the gravity of the underlying crimes, the use of firearms, and the wounding of one of the victims.  As a result, the court reduced defendant's sentence from 421 months to 288 months, a sentence below what the Government recommended.

Defendant further argues that counsel was ineffective for not stressing defendant's mental health history as well as a variety of other mitigating factors.  These factors were included in the presentence reports and other filings.  The court, in pronouncing his sentence, considered defendant's "history and characteristics."

As to his mental health, defense counsel referenced "his long history of mental illness" in his sentencing memorandum.  The court at the time of resentencing was well aware of his mental health from both his original presentence report in November 2007 and in his presentence report in March

2024.  Any additional argument by counsel beyond what he presented would not have changed the sentence the court imposed.

Defendant also raises that the sentencing disparities between his co-defendants and himself, when combined with the multiple failures of his counsel, constitutes cumulative error contrary to the purposes of § 3553(a).  The court has considered the crimes and circumstances of defendant and his co-defendants. Defendant was clearly the most culpable, and there were no "unwarranted sentencing disparities."  See 18 U.S.C. § 3553(a) (6).

Finally, defendant argues that his counsel was ineffective for failing to file a reply brief in support of the appeal of his resentencing in the Court of Appeals for the Third Circuit.  Defendant does not explain how this omission was a deficiency or how he was prejudiced.  Nor has he shown any prejudice based on the alleged failure of his counsel to communicate with him.

In sum, defendant has not established under Strickland that his counsel was ineffective or that any deficiency resulted in prejudice.  His right to the effective assistance of counsel under the Sixth Amendment has not been infringed.  The court has considered all his arguments, and they are without merit. Accordingly, his motion under 28 U.S.C. § 2255 will be denied.

4